Filed 4-4-7

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>DEBT SET, INC.,  )<br>   a Colorado corporation;  )<br>)<br>DEBT-SET,  )<br>   a Nevada corporation;  )<br>)<br>RESOLVE CREDIT COUNSELING, INC.,  )<br>   a Colorado corporation;  )<br>)<br>WILLIAM "BILL" RIGGS, individually and as an  )<br>   officer or director of Debt Set, Inc. and  )<br>   Debt-Set;  )<br>)<br>MICHELLE TUCKER, a.k.a. Michelle Mangan,  )<br>   individually and as an officer or director  )<br>   of Resolve Credit Counseling, Inc.;  )<br>)<br>LEE TUCKER, a.k.a. Leo Mangan,  )<br>   individually, and as an officer or director  )<br>   of Debt-Set; and  )<br>)<br>ISAAC KHAN, a.k.a. Issac M. Klan or Ishaq  )<br>   Mohammad Khan, individually,  )<br>   and as an officer or director of  )<br>   Debt-Set;  )<br>)<br>Defendants.  )<br>) | Case No.07-cv-00558-RPM-CBS |

### ~~PROPOSED~~ STIPULATED INTERIM ORDER

Plaintiff, the Federal Trade Commission ("FTC" or "Commission") and Defendants, stipulate to the following interim relief and agree that this Court has jurisdiction of the subject matter of this case and all parties hereto.

This order is solely for the purpose of resolving the pending motion, and shall not constitute or be interpreted to constitute approval or endorsement by the Commission of any practices of Defendants, past or prospective.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located, whether in the United States or abroad.

2. "Corporate Defendants" means Debt-Set and Resolve Credit Counseling, Inc., as well as the successors, assigns, affiliates, and subsidiaries of the aforementioned entities.

3. "Individual Defendants" means (i) William Riggs, (ii) Michelle Tucker a.k.a. Michelle Mangan, (iii) Lee Tucker a.k.a. Leo Mangan, and (iv) Isaac Khan a.k.a. Issac M. Klan or Ishaq Mohammad Khan.

4. "Defendants" means (a) each Corporate Defendant, and (b) each Individual Defendant.

5. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary,

2

through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

7. "Programs" means the debt settlement and debt consolidation plans being marketed, sold, and/or operated by Defendants.

## I. DEFENDANTS' BUSINESS ACTIVITIES

**THE PARTIES STIPULATE** that, in connection with the advertising, promoting, offering for sale, or sale of Defendants' Programs, Defendants, and their successors, assigns, officers, agents, servants, employees, and attorneys, and any person acting in active concert or participation with them, who receives actual notice of this Order by personal service or otherwise, shall not in any manner misrepresent the benefits, fees, or likely or expected outcomes from participating in Defendants' Programs.

Provided, however, that:

A. Defendants shall be permitted to state that their programs have been shown to reduce consumer debt, if such representation is true and substantiated pursuant to Section III of this Order;

B. Defendants shall be permitted to state that they have been able in certain circumstances to negotiate a reduction of consumers' interest rates in the range of 0 to 9%, if such representation is true and substantiated pursuant to Section III of this Order;

C. Defendants shall be permitted to state that they have been able in certain circumstances to obtain settlements with consumers' creditors

3

for a reduced amount between fifty and sixty percent of the total amount of unsecured debt consumers owed at the time of the settlement, if such representation is true and substantiated pursuant to Section III of this Order.

## II. REQUIRED BUSINESS PRACTICES

A. Defendants, before collecting any payments from consumers, shall clearly and conspicuously disclose to such consumers all costs, commissions and fees charged to consumers for Defendants' Programs and shall not represent, either expressly or implicitly, that Defendants' Programs are offered free of charge. Defendants may advise consumers that they will conduct an analysis of a consumer's credit situation free of charge, provided that Defendants comply with this entire paragraph.

B. Defendants, before collecting any payments from consumers, shall clearly and conspicuously disclose to such consumers that enrolling in Defendants' Programs will not prevent or assist consumers in preventing creditors from calling or commencing collections litigation against consumers, except that consumers may be told that generally creditor calls may cease in an approved consolidation program.

C. Defendants shall not represent, or assist others in representing, expressly or implicitly, that enrolling in Defendants' Programs will prevent or assist consumers with preventing creditors from calling, harassing, or commencing collections litigation against consumers, except that

4

consumers may be told that generally creditor calls may cease in an approved consolidation program.

D. Defendants, before collecting any payments from consumers, shall clearly and conspicuously disclose to such consumers the time frame in which Defendants will commence negotiations with consumers' creditors relative to consumers' payments to Defendants, and that negotiations may not commence with all creditors at the same time.

E. Defendants shall not make any representations, whether oral or in writing, that detract from or are inconsistent with the requirements of Paragraphs A, B, C, and D of this Section.

### III. COMPLIANCE MONITORING

Defendants shall not make any representations pursuant to Paragraphs A, B and C of Section I of this Order without possessing adequate substantiation of those representations, including substantiation of:

A. Reduced consumer debt;

B. Reduction of consumers' interest rates in the range of 0 to 9%; or

C. Settlements with consumers' creditors for a reduced amount between fifty and sixty percent of unsecured debts that consumers owed at the time of the settlement.

### IV. ASSET FREEZE

The Federal Trade Commission agrees that the Asset Freeze and Receivership ordered as part of the Court's March 22, 2007 temporary restraining order shall be lifted immediately.

## V. APPOINTMENT OF MONITOR

THE PARTIES AGREE that Michael D. Burns, the former Temporary Receiver in this action, shall be appointed and serve, until final adjudication of this matter, as a Monitor in this action with directions and authority to accomplish the following:

A. Monitor all activities, assets, and financial transactions of Corporate Defendants, including but not limited to:

1. Reviewing all financial information pertaining to Corporate Defendants and monitoring all future financial information, including but not limited to revenues and expenditures of Defendants;

2. Reviewing all information pertaining to Corporate Defendants' business activities, including but not limited to all advertising, marketing, counseling, advising, and customer service.

3. Monitoring Corporate Defendants' compliance with this Order.

B. The Monitor shall have unfettered access to all information that the Monitor deems necessary or appropriate to carry out his duties pursuant to this Order, to the same extent as the Defendants themselves are allowed by right, contract, or practice, including but not limited to:

1. Access to all documents pertaining to Corporate Defendants' business activities and finances;

2. Access to all property or premises in possession of, owned by, or under the control of the Corporate Defendants;

3. The right to interview any current employee of any Defendant;

4. The right to interview any current or former officer, agent, or other person or entity involved in the provision of any services to or on behalf of Defendants; and

5. The right to monitor and observe any officer, advertising agency, vendor, agent or other person or entity involved in the provision of any services to or on behalf of Defendants.

C. The Monitor shall provide access to all documents or other material to which he has access to the Commission upon request. Furthermore, the Monitor shall have the right to copy and maintain any such information.

D. Defendants are enjoined and restrained from interfering in any way with the functions and duties of the Monitor and shall take no action, directly or indirectly, to hinder or obstruct the Monitor in the conduct of his duties. Defendants agree to assist and participate with the Monitor in carrying out his duties. Defendants shall inform the Monitor of the location of any and all corporate assets, and immediately notify the Monitor of any material changes to the location, ownership or form of such corporate assets. Defendants shall, upon three (3) business days' notice, provide the Monitor with all substantiation required by Section III of this Order.

E. The Monitor shall make quarterly reports, observations, and recommendations to this Court, and seek guidance and instructions from this Court, if the Monitor deems it necessary. The Monitor shall prepare and submit a Report to this Court and to the parties, not less than ~~thirty~~ 45 days after this Order is approved by the Court, describing the Monitor's activities in connection with carrying out the Monitor's duties and responsibilities under this Order.

7

F.  The Monitor shall have the power to enter into such agreements in connection with the performance of his duties, including, but not limited to the retention and employment of investigators, attorneys, accountants, and technical specialists of the Monitor's choice, including, without limitation, members and employees of the Monitor's firm, to assist, advise, and represent the Monitor.

**IT IS STIPULATED** that the Monitor and all personnel hired by the Monitor as authorized by this Order, including counsel to the Monitor and accountants, are entitled to reasonable compensation and expenses for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by any Corporate Defendant. The Monitor shall make periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) calendar days after the entry of this Order. The Monitor shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**IT IS STIPULATED** that Defendants, and their successors, assigns, officers, agents, servants, employees, and attorneys, and any person acting in active concert or participation with them who receives actual notice of this Order by personal service or otherwise, shall not directly or indirectly destroy, mutilate, erase, alter, conceal or dispose of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of any Defendant.

**IT IS STIPULATED** that the Commission and the Monitor may, upon reasonable notice, remove non-privileged documents from any and all premises where Defendants

are conducting business or have conducted business and from all premises where Defendants' business records may be located, for purposes of copying and inspection.

**IT IS STIPULATED** that no one shall interfere with the Commission's or the Monitor's inspection of the documents of any Defendant.

**IT IS FURTHER STIPULATED** that, with regard to any correspondence, pleadings, or notifications related to this action, service on the Commission shall be performed by courier, facsimile, or electronic mail (but not U.S. Mail) to the attention of Michelle Grajales, Counsel for the Commission, Federal Trade Commission, 601 New Jersey Ave., N.W., Room 3176, Washington, DC 20001, facsimile number (202) 326-3629, e-mail: mgrajales@ftc.gov, before 4:45 p.m. (Eastern Time) of the day that such service is due.

**SO ORDERED** at Denver, Colorado, on _April 5_, 2007 at _11:25 a.m_. (MDT).

BY THE COURT:

Richard P. Matsch
United States District Judge