# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00558-RPM

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

DEBT-SET, a Nevada corporation;
RESOLVE CREDIT COUNSELING, INC., a Colorado corporation;
WILLIAM RIGGS, individually and as an officer or director of Debt-Set,
MICHELLE TUCKER, a/k/a Michelle Mangan, individually and as an officer or director of Resolve Credit Counseling, Inc.;
LEE TUCKER, a/k/a Leo Mangan, individually and as an officer or director of Debt-Set; and
ISAAC KHAN, a/k/a Isaac M. Klan or Ishaq Mohammad Khan, individually and as an officer or director of Debt-Set,

      Defendants.

_____

# PROTECTIVE ORDER
_____

The Court, having been fully advised, hereby orders as follows:

A.    All production and disclosure of "Confidential Information" – as defined in paragraph B, below – shall be governed by this Order.

B.    "Confidential Information" as used herein means any information that is designated as such by the disclosing party including, but not limited to, printed documents, computer disks or other electronic media, information contained in documents or electronic media, information revealed during depositions, and information revealed in interrogatory answers. "Confidential Information" for the purposes of this Order includes and may be claimed with respect to confidential corporate financial or individual financial information trade secrets and commercial information pursuant to FRCP 26 (c)(7). The parties agree that the designation

of material as confidential shall be made only after a bona fide determination, pursuant to Fed. R. Civ. P. 26(c), that the designated material is, in fact, confidential material.

C. The parties shall endeavor to limit the designation of information as Confidential Information to the information that genuinely warrants the protection provided by the terms of this Order.

D. Confidential Information shall not be used or disclosed by an party for any purpose whatsoever other than in the preparation, resolution or trial of this matter and any appeal thereof except as provided in Section G.9 of this Order; provided, however, any party may use its own Confidential Information for any purpose whatsoever.

E. All Confidential Information shall be marked by placing "CONFIDENTIAL," or a designation containing the same information in a different format, on the initial page or cover of a multi-page document (including deposition transcripts) in a manner that does not interfere with the document's legibility. This designation shall be made prior to or contemporaneously with production and disclosure of that material, for all materials produced after the date of this Agreement. Notwithstanding the foregoing, the parties' inadvertent failure to designate material confidential in accordance with this paragraph will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation. In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

F. The burden shall be on the party claiming confidentiality to sustain such designation. Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation. If the parties are unable to resolve the objection, the party objecting to

the confidential designation shall file an appropriate motion with the Court requesting resolution of the matter. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Order.

G. Confidential Information may only be disclosed to or shown to the following persons:

1. Counsel for parties to this agreement, including corporate or governmental (in-house) and outside attorneys for each party engaged in this litigation, law clerks, paralegals, investigators, office clerks, and secretaries working under their direct supervision, provided that with respect to the Federal Trade Commission, the term "counsel for parties" also includes members of the Commission, Commission Counsel, their associated attorneys and their non-attorney staff; and, provided also that confidential information of any of the Defendants shall not be disclosed to any of the other Defendants without the disclosing party's consent except as provided in paragraphs 2 through 10 of this section;

2. Any person with prior or current possession of the documents to be disclosed;

3. Any author or recipient of the confidential material, and any individual who was in the direct chain of supervision of the author or recipient at the time the confidential material was created or received;

4. The custodian of the documents that contain Confidential Material;

5. Witnesses at the time of their examination at trial or deposition, to the extent reasonably deemed necessary by counsel examining such witness for eliciting relevant testimony; any disputes regarding "reasonably necessary" to be resolved by the Court.

#1266221 v1

6. Judges and other court personnel of any court having jurisdiction over this proceeding or any appeal proceedings involving this matter;

7. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence, as represented in Exhibit A;

8. Any court reporter engaged in connection with this matter (or any of his or her staff or employees);

9. Any person or entity to whom the FTC is required to disclose Confidential Information by subpoena, any Court Order or under applicable statutes and Commission rules (see 15 U.S.C. §§ 57b-2 and 46(f) and 16 C.F.R. § 4.10); and

10. Any other person to whom the designating party agrees to in writing.

H. Counsel for the parties shall keep all material or information designated as confidential that is received under this Agreement within their exclusive possession and control, except as provided in Paragraph G, and shall maintain such material and information as confidential.

I. To the extent that any filing with the Court would reveal or tend to reveal any Confidential Information protected by this Order, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLOR.LCivR 7.3.

J. This Order shall continue to be binding throughout and after the conclusion of the trial, including any appeal thereof. Upon final termination of this matter, whether by judgment,

settlement, or otherwise, all Confidential Information (and any copies thereof) shall be returned, upon request, to the party who produced such material, provided, however, that the FTC's obligation to return documents shall be governed by the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12. Return of any information designated by any party hereto as Confidential Information and not subsequently redesignated is required in the public interest. If the parties so stipulate, the materials may be destroyed instead of being returned. All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses Confidential Information may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

K. The terms of this Order may be modified only by written agreement of counsel for the parties or by further order of the Court.

IT IS SO ORDERED.

Dated this 6th day of August, 2007.

BY THE COURT:

s/Richard P. Matsch

United States District Court Judge

Page 5 of 5

#1266221 v1