IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00558-RPM

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

DEBT-SET, a Nevada corporation;
RESOLVE CREDIT COUNSELING, INC., a Colorado corporation;
WILLIAM RIGGS, individually and as an officer or director of Debt-Set,
MICHELLE TUCKER, a/k/a Michelle Mangan, individually and as an officer or director of Resolve Credit Counseling, Inc.;
LEO MANGAN, a/k/a Lee Tucker, individually and as an officer or director of Debt-Set; and
ISAAC KHAN, a/k/a Issac M. Klan or Ishaq Mohammad Khan, individually and as an officer or director of Debt-Set,

    Defendants.

---

## STIPULATED PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS RESOLVE CREDIT COUNSELING, INC. AND MICHELLE TUCKER

---

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed a Complaint for permanent injunctive and other equitable relief on March 20, 2007, [*docket #1*], pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Complaint alleges that Defendants Debt-Set, Resolve Credit Counseling, Inc., William Riggs, Leo Mangan a.k.a. Lee Tucker, Michelle Tucker, and Isaac Khan engaged in unfair or deceptive acts or practices in promoting and offering debt reduction programs in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

The Plaintiff and Defendants Resolve Credit Counseling, Inc. ("RCC") and Michelle Tucker ("Tucker")(collectively, "Resolve Defendants") and through their respective counsel,

have agreed to entry of this Stipulated Permanent Injunction and Other Equitable Relief ("Order") by this Court without trial or adjudication of any issue of fact or law, and without the Resolve Defendants admitting liability for any of the matters alleged in the Complaint.

This Order settles only the FTC's claims against the Resolve Defendants, and shall not act as a bar to any claim by the FTC nor preclude the FTC from seeking any remedy against any other persons, corporations, or entities, including persons who may be subject to portions of this Order as persons acting in active concert or participation with the Resolve Defendants.

**NOW, THEREFORE**, the Plaintiff and the Resolve Defendants have requested the Court to enter this Order.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over the Resolve Defendants;

2. Venue is proper under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b);

3. The activities of the Resolve Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. §44;

4. The Complaint alleges claims upon which relief may be granted against the Resolve Defendants under §§ 5(a)(1) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 53(b);

5. The FTC and the Resolve Defendants stipulate and agree to this Order to settle and resolve all matters in dispute between them arising from the Complaint to the date of entry of this Order, and request jointly pursuant to Federal Rule of Civil Procedure 54(b) that the Court enter this final Order with respect to the Resolve Defendants as set forth herein;

6. The Resolve Defendants waive and release all rights to seek appellate

review or otherwise challenge or contest the validity of this Order, all rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, *amended by* Pub. L. No. 104-121, 110 Stat. 847, 863-64 (1996), and any claim they may have against the FTC and its employees, representatives, or agents;

7. The Resolve Defendants acknowledge that they have read the provisions of this Order and have agreed to abide by them;

8. No just reason exists for delay in entering this Order;

9. Entry of this Order is in the public interest and warranted under Federal Rule of Civil Procedure 54(b);

10. This Order is remedial in nature and shall not be construed as the payment of a fine, penalty, punitive assessment, or forfeiture; and

11. This Order is for settlement purposes only and does not constitute an admission by the Resolve Defendants of a violation of any law or regulation or a finding of a violation of any law or regulation.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located, whether in the United States or abroad.

2. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts,

photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

4. "Debt Reduction Program or Services" means a plan or program to reduce consumers' debts by reducing the balance, interest rates or fees owed by consumers to their creditors, including, but not limited to, "debt consolidation plans" and "debt settlement plans."

5. "Clearly and Prominently" means:

   a. in print communications, the message shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears;

   b. in communications disseminated orally, the message shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear it and comprehend it;

   c. in communications made through an electronic medium (such as television, video, radio and interactive media such as the Internet, online services and software), the message shall be presented simultaneously in both the audio and the visual portions of the communication; *provided however*, that for television, video, and radio communications of sixty (60) seconds duration or less, the message presented simultaneously shall be *"Fees and conditions apply. Ask for details."*

      d.    if any communication is presented solely through oral, written, visual or audio means, the message shall be made through the same means; and

      e.    regardless of the medium used to disseminate it, the message shall be in understandable language and syntax. Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

6.    "Enrolling" means the submission of payment by consumers to the Resolve Defendants or their successors, assigns, officers, agents, servants, employees, and attorneys, or any person acting in active concert or participation with the Resolve Defendants, for the purposes of procuring Debt Reduction Services. For the purposes of this Order, "payment" means payment by any means including checks, money orders or authorizations for electronic withdrawals from consumers' bank accounts.

## ORDER

### I. PROHIBITED BUSINESS ACTIVITIES

**IT IS, THEREFORE, ORDERED** that, in connection with the advertising, promoting, offering for sale, or sale of any Debt Reduction Program, each Resolve Defendant, and their successors, assigns, officers, agents, servants, employees, and attorneys, and any person acting in active concert or participation with such Resolve Defendant who receives actual notice of this Order by personal service or otherwise, are enjoined from:

A.    Making, or assisting others in making, expressly or by implication, the following representations unless they are truthful and not misleading:

1.  That consumers who purchase such Resolve Defendant's debt reduction program or service will obtain:

   a.  a specific reduction or specific range of reductions of consumers' interest rates, including to "between zero and nine percent;" or

   b.  any specific percentage of reduction, range of percentages, or words to the equivalent effect of a specific percentage, including terms such as "fifty cents on the dollar," of the consumer's total amount of unsecured debt owed at the time the consumer enrolls in the program/services;

2.  That such Resolve Defendant will not charge or collect from consumers any upfront fees, or fees that must be paid before such Resolve Defendant negotiates the promised debt reductions for consumers, for their participation in any Debt Reduction Program or Service;

3.  That enrolling in any Debt Reduction Program or Service will, before creditors receive any payments, prevent or assist consumers with preventing creditors from calling, harassing, or commencing collections litigation against consumers; and

B.  Failing to disclose the following terms clearly and prominently, and contemporaneously, whenever either Resolve Defendant represents, expressly or by implication, that consumers who purchase the Debt Reduction Program or Service will obtain (1) a specific reduction or specific range of reductions of consumers' interest rates, including to "between zero and nine percent;" or (2) any specific percentage of reduction, range of percentages, or words to the equivalent effect of a specific percentage, including terms such as "fifty cents on the dollar,"

of the consumer's total amount of unsecured debt owed at the time the consumer enrolls in the program or service:

    a.    all fees and costs that will be charged for these services, including when and how such fees and costs will be paid by consumers;

    b.    the approximate time period before settlements will be achieved on behalf of consumers, based on the prior historical experience of the average consumer who enrolls in a Debt Reduction Program; and

    c.    that consumers' balances will typically increase during this time period until settlements for all accounts are actually achieved.

## II. COOPERATION WITH FTC COUNSEL

It is agreed that the Resolve Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear, or, for RCC, cause its officers, employees, representatives, or agents to appear, at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, the Resolve Defendants shall appear, or, for RCC, cause its officers, employees, representatives, or agents to appear and provide truthful, non-privileged testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint.

### III.   EQUITABLE MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.   The Resolve Defendants have agreed to pay the Commission the sum of One Million Dollars ($1,000,000) for equitable monetary relief. The Commission agrees to suspend in part this amount, subject to Section III.C. of this Order, *provided that* the Resolve Defendants turn over to the Commission the sum of Three Hundred and Fifty Thousand Dollars ($350,000), which the Resolve Defendants have placed into a trust account at the law firm of Defendants' counsel, Holme Roberts & Owen, LLP. The Resolve Defendants, within five (5) business days after entry of this Order, shall transfer this sum by electronic funds transfer into an account to be designated by the Commission in accord with directions provided by the Commission.

B.   All funds paid pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may pay any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices as alleged in the Complaint. Any funds not used for such equitable relief shall be deposited into the Treasury as disgorgement. The Resolve Defendants shall have no right to challenge the Commission's choice of remedies under this Section;

C.   The FTC's agreement to this Order, requiring that the amount ordered to be turned over be suspended for less than the full amount, is expressly premised upon the

truthfulness, accuracy and completeness of the Resolve Defendants' financial condition, as represented in each of their sworn financial statements and the attachments thereto. The financial statements contain material information upon which the FTC relied in negotiating and agreeing to this Order. If, upon motion by the FTC, this Court finds that RCC or Tucker failed to disclose any material asset or materially misstated the value of any asset in the financial statements described above or made any other material misstatement or omission in the financial statements described above, or if either RCC or Tucker do not comply with Paragraph III.A. of this Order, the Court shall enter judgment in the amount of one million dollars ($1,000,000) against said Defendant, less any amounts previously paid to the FTC by RCC and Tucker in this action, *provided, however, that:* (1) in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and (2) proceedings instituted under this Paragraph would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order; and

D.     For the purpose of any subsequent proceedings to enforce payments required by this Section of this Order, including but not limited to, a non-dischargeability action filed in a bankruptcy proceeding, the Resolve Defendants waive any right to contest the allegations in the Commission's Complaint.

## IV.  COSTS AND ATTORNEY'S FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorney's fees incurred in connection with this action.

## V. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within twenty (20) days of receipt of written notice from a representative of the Commission, each Resolve Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in direct or indirect control of either Resolve Defendant to inspect the business operation;

B. In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1. obtaining discovery from any person, without further leave of Court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36 and 45;

2. posing as consumers and suppliers to either Resolve Defendant or to either Resolve Defendant's employees, or any entity managed or controlled in whole or in part by RCC or Tucker, without the necessity of identification or prior notice; and

C. Each Resolve Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have Counsel present. Such interviews shall be scheduled on reasonable notice to the interviewee.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VI.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of three (3) years following the entry of this Order,

1. Defendant Tucker shall notify the Commission of the following:

a. Any changes in her residence, mailing address, and telephone number, within ten (10) business days of the date of such change;

b. Any changes in employment status (including self-employment), and any change in Defendant Tucker's ownership of any business entity, within ten (10) business days of the date of such change. Such notice shall include the name and address of each business that Defendant Tucker is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of Defendant Tucker's duties and responsibilities in connection with the business or employment; and

c. Any changes in Defendant Tucker's name or use of alternative names; and

2. Resolve Defendants shall notify the Commission of any changes in corporate structure of RCC or any business entity that Defendant Tucker directly or indirectly controls, or has an ownership interest in, that may affect their compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which either Resolve Defendant learns less than thirty (30) days prior to the date such action is to take place, such Resolve Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order, each Resolve Defendant shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1. The then-current residence address, mailing addresses and telephone numbers of Defendant Tucker;

2. The then-current employment and business addresses and telephone numbers of Defendant Tucker, a description of the business activities of each such employer or business, and the title and responsibilities of Defendant Tucker, for each such employer or business; and

   3.   Any other changes required to be reported under subparagraph A of this Section; and

   4.   A copy of each acknowledgment of receipt of this Order, obtained pursuant to Section VIII.

C.   For purposes of this Order, each Resolve Defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the

Commission to:   Associate Director for Enforcement
                 Federal Trade Commission
                 Bureau of Consumer Protection
                 600 Pennsylvania Ave., N.W.
                 Washington, DC 20580
                 Re: *FTC v. Debt-Set, et al.*, Civil Action No. 07-CV-00558.

D.   For purposes of the compliance monitoring and reporting required by this Order, the Commission is authorized to communicate directly with each Resolve Defendant.

## VII.   RECORD KEEPING

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, each Resolve Defendant, with respect to any entity that is engaged in the promotion or sale of Debt Reduction Programs or Services or that Defendant Tucker owns or otherwise controls, as well as their agents, employees, successors, corporations and assigns, and those persons in active concert or participation with such Resolve Defendant who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.   Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid and description of items or services for which such dollar amounts were paid, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly, indirectly or through any third party) and all responses to those complaints or requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to copies of acknowledgments of receipt of this Order, required by Section VIII, and all reports submitted to the FTC pursuant to Section VI.

## VIII. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, each Resolve Defendant shall deliver copies of this Order as directed below:

A.    RCC must deliver a copy of this Order to all of its principals, officers, directors, and managers. RCC must also deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order

upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B.  For any business that is engaged in the promotion or sale of Debt Reduction Programs or Services that Tucker controls, directly or indirectly, or in which Tucker has a majority ownership interest, she must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Tucker must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to personnel assuming their responsibilities.

C.  Each Resolve Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from all persons receiving a copy of the Order pursuant to this Section (Section VIII).

IX.  **ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT**

**IT IS FURTHER ORDERED** that the each Resolve Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

X.  **PROHIBITION ON DISTRIBUTION OF CUSTOMER LISTS**

**IT IS FURTHER ORDERED** that each Resolve Defendant, and either of their agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise,

are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any Defendant, at any time prior to entry of this order, in connection with sale of Debt Reduction Programs. Provided, however, that the Resolve Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of construction, modification and enforcement of this Order.

**SO ORDERED** at Denver, Colorado, on January 31, 2008

Richard P. Matsch
United States District Judge

//

//

//

//

//

//

//

//

//

//

SO STIPULATED:          FOR THE FEDERAL TRADE COMMISSION

*[signature]*

Peter Lamberton
Sara Gottovi
Leah Frazier
Federal Trade Commission
600 Pennsylvania Avenue, NW, Mail Drop NJ-3157
Washington, DC 20580
Telephone: (202)326-3274, 3201, 2178
Facsimile: (202) 326-3768
E-Mail: plamberton@ftc.gov,
sgottovi@ftc.gov, lfrazier@ftc.gov.
Attorneys for Plaintiff, Federal Trade Commission

FOR DEFENDANTS MICHELLE TUCKER
AND RESOLVE CREDIT COUNSELING, INC.

*[signature]*                              *[signature]*

Michelle Tucker,                           B. Lawrence Theis, Esq.
individually and on behalf of Resolve Credit   Teresa L. Ashmore, Esq.
Counseling, Inc.                           Holme Roberts & Owen, LLP
                                           1700 Lincoln Street, Suite 4100
                                           Denver, Colorado 80203