## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
#### Senior District Judge Richard P. Matsch

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JAN 3 1 2008**

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00558-RPM

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

DEBT-SET, a Nevada corporation;
RESOLVE CREDIT COUNSELING, INC., a Colorado corporation;
WILLIAM RIGGS, individually and as an officer or director of Debt-Set;
MICHELLE TUCKER, a/k/a Michelle Mangan, individually and as an officer or director of
Resolve Credit Counseling, Inc.;
LEO MANGAN, a/k/a Lee Tucker, individually and as an officer or director of Debt-Set; and
ISAAC KHAN, a/k/a Issac M. Klan or Ishaq Mohammad Khan, individually and as an officer or
director of Debt-Set,

      Defendants.

---

## STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS DEBT-SET, WILLIAM RIGGS AND LEO MANGAN A/K/A LEE TUCKER

---

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed a Complaint

for permanent injunctive and other equitable relief on March 20, 2007, [*docket #1*], pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).   The

Complaint alleges that Defendants Debt-Set, Resolve Credit Counseling, Inc., William Riggs,

Leo Mangan a.k.a. Lee Tucker, Michelle Tucker, and Isaac Khan (collectively, "Defendants")

engaged in unfair or deceptive acts or practices in promoting and offering debt reduction

programs in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

The Plaintiff and Defendants Debt-Set, William Riggs and Leo Mangan a.k.a. Lee

Tucker (collectively, "Settling Defendants"), by and through their respective counsel, have agreed to entry of this Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief ("Order") by this Court without trial or adjudication of any issue of fact or law, and without Settling Defendants admitting liability for any of the matters alleged in the Complaint.

This Order settles only the FTC's claims against Settling Defendants, and shall not act as a bar to any claim by the FTC nor preclude the FTC from seeking any remedy against any other persons, corporations, or entities, including persons who may be subject to portions of this Order as persons acting in active concert or participation with Settling Defendants.

**NOW, THEREFORE,** the Plaintiff and Settling Defendants have requested the Court to enter this Order.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over Settling Defendants;

2. Venue is proper under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b);

3. The activities of Settling Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. §44;

4. The Complaint alleges claims upon which relief may be granted against Settling Defendants under §§ 5(a)(1) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 53(b);

5. The FTC and Settling Defendants stipulate and agree to this Order to settle and resolve all matters in dispute between them arising from the Complaint to the date

of entry of this Order, and request jointly pursuant to Federal Rule of Civil Procedure 54(b) that

the Court enter final judgment with respect to Settling Defendants as set forth herein;

6.      Settling Defendants waive and release:  All rights to seek appellate

review or otherwise challenge or contest the validity of this Order, all rights that may arise under

the Equal Access to Justice Act, 28 U.S.C. § 2412, *amended by* Pub. L. No. 104-121, 110 Stat.

847, 863-64 (1996), and any claim they may have against the FTC and its employees,

representatives, or agents;

7.      Settling Defendants acknowledge that they have read the provisions of this Order and

have agreed to abide by them;

8.      No just reason exists for delay in entering this Order;

9.      Entry of this Order is in the public interest and warranted under Federal Rule of Civil

Procedure 54(b);

10.     This Order is remedial in nature and shall not be construed as the payment of a fine,

penalty, punitive assessment, or forfeiture; and

11.     This Order is for settlement purposes only and does not constitute an admission by

Settling Defendants of a violation of any law or regulation.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.      "Assets" means any legal or equitable interest in, right to, or claim to, any real and

personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures,

general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other

deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables,

funds, and cash, wherever located, whether in the United States or abroad.

2.      "Document" is synonymous in meaning and equal in scope to the usage of the term in

Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts,

photographs, audio and video recordings, computer records, and other data compilations from

which information can be obtained and translated, if necessary, through detection devices into

reasonably usable form.  A draft or non-identical copy is a separate document within the

meaning of the term.

3.      "Person" means a natural person, an organization or other legal entity, including a

corporation, partnership, sole proprietorship, limited liability company, association, cooperative,

or any other group or combination acting as an entity.

4.      "Debt Reduction Program or Service" means a plan or program to reduce consumers'

debts by reducing the balance, interest rates or fees owed by consumers to their creditors,

including, but not limited to, "debt consolidation plans" and "debt settlement plans."

5.      "Clearly and Prominently" means:

        a.      in print communications, the message shall be in a type size and location

sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that

contrasts with the background against which it appears;

        b.      in communications disseminated orally, the message shall be delivered in a

volume and cadence sufficient for an ordinary consumer to hear it and comprehend it;

        c.      in communications made through an electronic medium (such as television,

video, radio and interactive media such as the Internet, online services and software), the

message shall be presented simultaneously in both the audio and the visual portions of the

communication; *provided however*, that for television, video, and radio communications of sixty

(60) seconds duration or less, the message presented simultaneously shall be *"Fees and*

*conditions apply. Ask for details.*"

d.      if any communication is presented solely through oral, written, visual or audio means, the message shall be made through the same means; and

e.      regardless of the medium used to disseminate it, the message shall be in understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

6.      "Enrolling" means the submission of payment by consumers to Settling Defendants or their successors, assigns, officers, agents, servants, employees, and attorneys, or any person acting in active concert or participation with Settling Defendants, for the purposes of procuring Debt Reduction Programs or Services.  For the purposes of this Order, "payment" means payment by any means including checks, money orders or authorizations for electronic withdrawals from consumers' bank accounts.

## ORDER

### I.  PROHIBITED BUSINESS ACTIVITIES

**IT IS, THEREFORE, ORDERED** that, in connection with the advertising, promoting, offering for sale, or sale of any Debt Reduction Program or Service, each Settling Defendant, and his or its successors, assigns, officers, agents, servants, employees, and attorneys, and any person acting in active concert or participation with such Settling Defendant who receives actual notice of this Order by personal service or otherwise, are enjoined from:

A.      Misrepresenting, or assisting others in misrepresenting, expressly or by implication, that consumers who purchase such Settling Defendant's Debt Reduction Program or Service will obtain:

       1.      a specific reduction or specific range of reductions of consumers' interest rates, including to "between zero and nine percent;" or

       2.      any specific percentage of reduction, range of percentages, or words to the equivalent effect of a specific percentage, including terms such as "fifty cents on the dollar," of the consumer's total amount of unsecured debt owed at the time the consumer enrolls in the program/services;

      B.     Misrepresenting, or assisting others in misrepresenting, expressly or by implication, that such Settling Defendant will not charge or collect from consumers any upfront fees, or fees that must be paid before such Settling Defendant negotiates the promised debt reductions for consumers, for their participation in any Debt Reduction Program or Service;

      C.     Misrepresenting, or assisting others in misrepresenting, expressly or by implication, that enrolling in any Debt Reduction Program or Service will, before creditors receive any payments, prevent or assist consumers with preventing creditors from calling, harassing, or commencing collections litigation against consumers; and

      D.     Failing to disclose the following terms clearly and prominently, and contemporaneously, whenever such Settling Defendant represents, expressly or by implication, that consumers who purchase such Settling Defendant's Debt Reduction Program or Service will obtain (1) a specific reduction or specific range of reductions of consumers' interest rates, including to "between zero and nine percent;" or (2) any specific percentage of reduction, range of percentages, or words to the equivalent effect of a specific percentage, including terms such as "fifty cents on the dollar," of the consumer's total amount of unsecured debt owed at the time the consumer enrolls in such program or service:

a.  all fees and costs that will be charged for these services, including when and how such fees and costs will be paid by consumers;

b.  the approximate time period before settlements will be achieved on behalf of consumers, based on the prior historical experience of the average consumer who enrolls in a Debt Reduction Program or Service; and

c.  that consumers' balances will typically increase during this time period until settlements for all accounts are actually achieved.

## II.   COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that each Settling Defendant shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear, or, for Defendant Debt-Set, cause its officers, employees, representatives, or agents to appear, at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC.  If requested in writing by the FTC, each Settling Defendant shall appear, or, for Defendant Debt-Set, cause its officers, employees, representatives, or agents to appear and provide truthful, non-privileged testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## III.   MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.  Judgment is hereby entered jointly and severally against Settling Defendants and

Page 7 of 17

in favor of the FTC in the amount of One Million Dollars ($1,000,000) for equitable monetary relief. This judgment shall be suspended in part and subject to Section III.C. of this order, ***provided that***:

    1.     Defendant Leo Mangan shall pay to the Commission the sum of forty-thousand dollars ($40,000) within ten (10) business days of entry of this order;

    2.     Each Settling Defendant hereby waives, without any limitation, all rights and claims to money or other assets owed to each of them as of the date of entry of this Order by any other defendant in this action, and waives, without any limitation, the right to pursue any chose in action to recover any such money or assets owed to it by any other defendant in this action arising out of the business relationships among and between any or all defendants in this action; and

    3.     No Settling Defendant receives, directly or indirectly, any asset acquired before the date of entry of this Order, from any other defendant except by further order of this Court.

    B.     All funds paid pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may pay any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices as alleged in the Complaint. Any funds not used for such equitable relief shall be deposited into the Treasury as disgorgement. Settling Defendants

shall have no right to challenge the Commission's choice of remedies under this Section;

C.     The FTC's agreement to this Order, requiring that the judgment be suspended for less than the full amount of the judgment, is expressly premised upon the truthfulness, accuracy and completeness of each Settling Defendant's financial condition, as represented in each Settling Defendant's sworn financial statement, the attachments thereto, and deposition testimony and compliance with Paragraphs A.1. through A.3. of this Section. The financial statements contain material information upon which the FTC relied in negotiating and agreeing to this Order.   If, upon motion by the FTC, this Court finds that any Settling Defendant failed to disclose any material asset or materially misstated the value of any asset in the financial statements described above, made any other material misstatement or omission in the financial statements described above, or that any Settling Defendant violated Paragraph A.1. through A.3. of this Section, the Court shall enter judgment in the amount of one million dollars ($1,000,000) against said Settling Defendant, less any amounts previously paid by Settling Defendants to the FTC, *provided, however,* that:  (1) in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and (2) proceedings instituted under this Paragraph would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order; and

D.     For the purpose of any subsequent proceedings to enforce payments required by this Section of this Order, including but not limited to, a non-dischargeability action filed in a bankruptcy proceeding, Settling Defendants waive any right to contest the allegations in the Commission's Complaint.

## IV.  COSTS AND ATTORNEY'S FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorney's fees incurred in connection with this action.

## V.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that for the purpose of monitoring and investigating compliance with any provision of this Order:

A.      Within twenty (20) days of receipt of written notice from a representative of the Commission, each Settling Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Settling Defendant's direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1.      obtaining discovery from any person, without further leave of Court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36 and 45;

2.      posing as consumers and suppliers to each Settling Defendant, or any of their employees, or any entity managed or controlled in whole or in part by any Settling Defendant, without the necessity of identification or prior notice; and

C.      Each Settling Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have Counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1).

## VI.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of three (3) years following the entry of this Order,

    1.    Settling Defendants William Riggs and Leo Mangan shall notify the Commission of the following:

        a.    Any changes in their residence, mailing address, and telephone number, within ten (10) days of the date of such change;

        b.    Any changes in employment status (including self-employment), and any change in William Riggs or Leo Mangan's ownership of any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that William Riggs or Leo Mangan is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of William Riggs and Leo Mangan's duties and responsibilities in connection with the business or employment; and

        c.    Any changes in William Riggs or Leo Mangan's name or use of

alternative names; and

2.    Each Settling Defendant shall notify the Commission of any changes in corporate structure of Debt-Set or any business entity that William Riggs or Leo Mangan directly or indirectly controls, or has an ownership interest in, that may affect their compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, ***provided that***, with respect to any proposed change in the corporation about which William Riggs or Leo Mangan learns less than thirty (30) days prior to the date such action is to take place, William Riggs or Leo Mangan shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order, Settling Defendants each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1.    The then-current residence address, mailing addresses and telephone numbers of William Riggs and Leo Mangan;

2.    The then-current employment and business addresses and telephone numbers of William Riggs and Leo Mangan, a description of the business activities of each such employer or business, and the title and responsibilities of William Riggs and Leo Mangan, for each such employer or business; and

        3.    Any other changes required to be reported under subparagraph A of this

Section; and

        4.    A copy of each acknowledgment of receipt of this Order, obtained

pursuant to Section VIII.

    C.    For purposes of this Order, each Settling Defendant shall, unless otherwise

directed by the Commission's authorized representatives, mail all written notifications to the

Commission to:        Associate Director for Enforcement
                       Federal Trade Commission
                       Bureau of Consumer Protection
                       600 Pennsylvania Ave., N.W.
                       Washington, DC 20580
                       Re: *FTC v. Debt-Set, et al.*, Civil Action No. 07-CV-00558.

    D.    For purposes of the compliance monitoring and reporting required by this Order,

the Commission is authorized to communicate directly with each Settling Defendant.

## VII.  RECORD KEEPING

    **IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of

this Order, each Settling Defendant, with respect to any entity that is engaged in the promotion

or sale of Debt Reduction Programs or Services or such Settling Defendant owns or otherwise

controls, as well as their agents, employees, successors, corporations and assigns, and those

persons in active concert or participation with them who receive actual notice of this Order by

personal service or otherwise, are hereby restrained and enjoined from failing to create and retain

the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues

generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid and description of items or services for which such dollar amounts were paid, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly, indirectly or through any third party) and all responses to those complaints or requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to copies of acknowledgments of receipt of this Order, required by Section VIII, and all reports submitted to the FTC pursuant to Section VI.

### VIII. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, each Settling Defendant shall deliver copies of this Order as directed below:

A.    Defendant Debt-Set must deliver a copy of this Order to all of its principals, officers, directors, and managers.  Defendant Debt-Set must also deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order.  For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant.  For new personnel, delivery shall occur prior to them assuming their

responsibilities.

B.    For any business that is engaged in the promotion or sale of Debt Reduction Programs or Services that Defendant William Riggs or Leo Mangan controls, directly or indirectly, or in which Defendant William Riggs of Leo Mangan has a majority ownership interest, they must deliver a copy of this Order to all principals, officers, directors, and managers of that business.  Defendant William Riggs or Leo Mangan must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order.  For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant.  For new personnel, delivery shall occur prior to personnel assuming their responsibilities.

C.    For any business where Defendant William Riggs or Leo Mangan is not a controlling person of a business but otherwise engages in the promotion or sale of Debt Reduction Programs or Services, that Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.    Each Settling Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from all persons receiving a copy of the Order pursuant to this Section (Section VIII).

**IX.    ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT**

**IT IS FURTHER ORDERED** that each Settling Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## X.   PROHIBITION ON DISTRIBUTION OF CUSTOMER LISTS

**IT IS FURTHER ORDERED** that each Settling Defendant, and their agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with such Settling Defendant who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any Defendant, at any time prior to entry of this order, in connection with sale of Debt Reduction Programs or Services. *Provided, however*, that Settling Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XI. DISCHARGE OF MONITOR

**IT IS FURTHER ORDERED** that the Court's Monitor, appointed by this Court on April 4, 2007, hereby is discharged as to Debt-Set and Relief Corporation.

## XII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of construction, modification and enforcement of this Order.

**SO ORDERED** at Denver, Colorado, on January 31st 2008

Richard P. Matsch, Senior Judge
United States District Court

Page 16 of 17

SO STIPULATED:                  FOR PLAINTIFF, FEDERAL TRADE COMMISSION:

Peter Lamberton
Sara Gottovi
Leah Frazier
Federal Trade Commission
600 Pennsylvania Avenue, NW, Mail Drop NJ-3158
Washington, DC  20580
Telephone: (202) 326- 3274, 3201, 2187
Facsimile: (202) 326-3768
E-Mail: plamberton@ftc.gov, sgottovi@ftc.gov,
lfrazier@ftc.gov.

Attorneys for Plaintiff
Federal Trade Commission

**FOR DEFENDANTS DEBT-SET AND**        **FOR DEFENDANT LEO MANGAN**
**WILLIAM RIGGS:**                     **a/k/a LEE TUCKER:**

William Riggs, President, Debt-Set        Leo Mangan a/k/a Lee Tucker
individually and on behalf of Debt-Set

James M. Hult                            Claude C. Wild III
Attorney for Debt-Set and William Riggs  Attorney for Leo Mangan
Hult Law Firm, PC                        Greenberg Traurig, LLP-Denver
2328 Broadway                            1200 17th Street, #2400
Boulder, Colorado 80304-4107             Denver, Colorado 80202
Telephone:  (303) 447-1632               Telephone:  (303) 572-6564
Facsimile: (303) 447-1635                Facsimile: (720) 904-7664
Email: jim@trial-lawyers.com             Email: wildc@gtlaw.com

Page 17 of 17

**SO STIPULATED:**                **FOR PLAINTIFF, FEDERAL TRADE COMMISSION:**

Peter Lamberton
Sara Gottovi
Leah Frazier
Federal Trade Commission
600 Pennsylvania Avenue, NW, Mail Drop NJ-3158
Washington, DC 20580
Telephone: (202) 326- 3274, 3201, 2187
Facsimile: (202) 326-3768
E-Mail: plamberton@ftc.gov, sgottovi@ftc.gov,
lfrazier@ftc.gov.

Attorneys for Plaintiff
Federal Trade Commission

**FOR DEFENDANTS DEBT-SET AND**        **FOR DEFENDANT LEO MANGAN**
**WILLIAM RIGGS:**                     **a/k/a LEE TUCKER:**

_____                Leo Mangan a/k/a Lee Tucker
William Riggs, President, Debt-Set
Individually and on behalf of Debt-Set


_____                _____
James M. Hult                          Claude C. Wild III
Attorney for Debt-Set and William Riggs    Attorney for Leo Mangan
Hult Law Firm, PC                      Greenberg Traurig, LLP-Denver
2328 Broadway                          1200 17th Street, #2400
Boulder, Colorado 80304-4107           Denver, Colorado 80202
Telephone: (303) 447-1632              Telephone: (303) 572-6564
Facsimile: (303) 447-1635              Facsimile: (720) 904-7664
Email: jim@trial-lawyers.com           Email: wildc@gtlaw.com

Page 17 of 17