IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior District Judge Richard P. Matsch**



Civil Action No. 07-cv-00558-RPM

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

DEBT-SET, a Nevada corporation;
RESOLVE CREDIT COUNSELING, INC., a Colorado corporation;
WILLIAM RIGGS, individually and as an officer or director of Debt-Set;
MICHELLE TUCKER, a/k/a Michelle Mangan, individually and as an officer or director of Resolve Credit Counseling, Inc.;
LEO MANGAN a/k/a Lee Tucker, individually and as an officer or director of Debt-Set; and
ISAAC KHAN, a/k/a Issac M. Klan or Ishaq Mohammad Khan, individually and as an officer or director of Debt-Set,

    Defendants.

---

**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT ISAAC KHAN**

---

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed a Complaint for permanent injunctive and other equitable relief on March 20, 2007, [*docket #1*], pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Complaint alleges that Defendants Debt-Set, Resolve Credit Counseling, Inc., William Riggs, Leo Mangan a.k.a. Lee Tucker, Michelle Tucker, and Isaac Khan (collectively, "Defendants") engaged in unfair or deceptive acts or practices in promoting and offering debt reduction programs in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

The Plaintiff and Defendant Isaac Khan have agreed to entry of this Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief ("Order") by this Court without trial or adjudication of any issue of fact or law, with Defendant Khan denying liability for any of the matters alleged in the Complaint.

This Order settles only the FTC's claims against Defendant Khan, and shall not act as a bar to any claim by the FTC nor preclude the FTC from seeking any remedy against any other persons corporations, or entities, including persons who may be subject to portions of this Order as persons acting in active concert or participation with any Defendant.

**NOW, THEREFORE**, the Plaintiff and Defendant Khan have requested the Court to enter this Order,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over Defendant Khan;

2. Venue is proper under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b);

3. The activities of Defendant Khan are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4. The Complaint alleges claims upon which relief may be granted against Defendant Khan under §§ 5(a)(1) and 13(b), of the FTC Act, 15 U.S.C. §§ 45(a)(1), 53(b);

5. The FTC and Defendant Khan stipulate and agree to this Order to settle

and resolve all matters in dispute between them arising from the Complaint to the date of entry of this Order, and request jointly pursuant to Federal Rule of Civil Procedure 54(b) that the Court enter final judgment with respect to Defendant Khan as set forth herein;

6. Defendant Khan waives and releases: All rights to seek appellate review or otherwise challenge or contest the validity of this Order, all rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, *amended by* Pub. L. No. 104-121, 110 Stat. 847, 863-64 (1996), and any claim he may have against the FTC and its employees, representatives, or agents;

7. Defendant Khan acknowledges that he has read the provisions of this Order and has agreed to abide by them;

8. No just reason exists for delay in entering this Order;

9. Entry of this Order is in the public interest and warranted under Federal Rule of Civil Procedure 54(b);

10. This Order is remedial in nature and shall not be construed as the payment of a fine, penalty, punitive assessment, or forfeiture; and

11. This Order is for settlement purposes only and does not constitute an admission by Defendant Khan of a violation of any law or regulation.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattel, goods, instruments, equipment,

fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located, whether in the United States or abroad.

2. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

4. "Debt Reduction Program or Service" means a plan or program to reduce consumers' debts by reducing the balance, interest rates or fees owed by consumers to their creditors, including, but not limited to, "debt consolidation plans" and "debt settlement plans."

5. "Clearly and Prominently" means:

    a. in print communications, the message shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears;

    b. in communications disseminated orally, the message shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear it and comprehend it;

c. in communications made through an electronic medium (such as television, video, radio and interactive media such as the Internet, online services and software), the message shall be presented simultaneously in both the audio and the visual portions of the communication; ***provided however***, that for television, video, and radio communications of sixty (60) seconds duration or less, the message presented simultaneously shall be *"Fees and conditions apply. Ask for details."*

d. if any communication is presented solely through oral, written, visual or audio means, the message shall be made through the same means;

e. regardless of the medium used to disseminate it, the message shall be in understandable language and syntax. Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

6. "Enrolling" means the submission of payment by consumers to Defendant Khan or his successors, assigns, officers, agents, servants, employees, and attorneys, or any person acting in active concert or participation with Defendant Khan, for the purposes of procuring Debt Reduction Programs or Services. For the purposes of this Order, "payment" means payment by any means including checks, money orders or authorizations for electronic withdrawals from consumers' bank accounts.

## **ORDER**

### **I. PROHIBITED BUSINESS ACTIVITIES**

**IT IS, THEREFORE, ORDERED** that, in connection with the advertising, promoting, offering for sale, or sale of any Debt Reduction Program or Service, Defendant Khan, and his

successors, assigns, officers, agents, servants, employees, and attorneys, and any person acting in active concert or participation with him who receives actual notice of this Order by personal service or otherwise, are enjoined from:

A. Misrepresenting, or assisting others in misrepresenting, expressly or by implication, that consumers who purchase any Debt Reduction Program or Service will obtain:

1. a specific reduction or specific range of reductions of consumers' interest rates, including to "between zero and nine percent;" or

2. any specific percentage of reduction, range of percentages, or words to the equivalent effect of a specific percentage, including terms such as "fifty cents on the dollar," of the consumer's total amount of unsecured debt owned at the time the consumer enrolls in any program/services;

B. Misrepresenting, or assisting others in misrepresenting, expressly or by implication, that upfront fees, or fees that must be paid before the promised debt reductions are negotiated, will not be charged or collected from consumers;

C. Misrepresenting, or assisting others in misrepresenting, expressly or by implication, that enrolling in any Debt Reduction Program or Service will, before creditors receive any payments, prevent or assist consumers with preventing creditors from calling, harassing, or commencing collections litigation against consumers; and

D. Failing to disclose the following terms clearly and prominently, and contemporaneously, whenever it is represented, expressly or by implication, that consumers who purchase any Debt Reduction Program or Service will obtain (1) a specific reduction or specific

range of reductions of consumers' interest rates, including to "between zero and nine percent;" or (2) any specific percentage of reduction, range of percentages, or words to the equivalent effect of a specific percentage, including terms such as "fifty cents on the dollar," of the consumer's total amount of unsecured debt owned at the time the consumer enrolls in any program or service:

    a. all fees and costs that will be charged for these services, including when and how such fees and costs will be paid by consumers;

    b. the approximate time period before settlements will be achieved on behalf of consumers, based on the prior historical experience of the average consumer who enrolls in a Debt Reduction Program or Service; and

    c. that consumers' balances will typically increase during this time period until settlements for all accounts are actually achieved.

## II. COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Defendant Khan shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice to Defendant Khan, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendant Khan shall appear and provide truthful, non-privileged testimony in any trial,

deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## III. RELIANCE ON FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that:

A. The FTC's agreement to this Order is expressly premised upon the truthfulness, accuracy and completeness of Defendant Khan's financial condition, as represented in his sworn financial statement, the attachments thereto, and his deposition testimony. The financial statements contain material information upon which the FTC relied in negotiating and agreeing to this Order.

B. If, upon motion by the FTC, this Court finds that Defendant Khan failed to disclose any material asset or materially misstated the value of any asset in the financial statements or deposition testimony described above, or made any other material misstatement or omission in the financial statements described above, the Court shall enter judgment in the amount of one million dollars ($1,000,000) against Defendant Isaac Khan, *provided, however*, that: (1) in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and (2) proceedings instituted under this Paragraph would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order.

C. All funds paid pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. In the

event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may pay any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to defendants' practices as alleged in the Complaint. Any funds not used for such equitable relief shall be deposited into the Treasury as disgorgement. Defendant Khan shall have no right to challenge the Commission's choice of remedies under this Section.

D. For the purpose of any subsequent proceedings to enforce payments required by this Section of this Order, including but not limited to, a non-dischargeability action filed in a bankruptcy proceeding, Defendant Khan waives any right to contest the allegations in the Commission's Complaint.

## IV. COSTS AND ATTORNEY'S FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorney's fees incurred in connection with this action.

## V. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within twenty (20) days of receipt of written notice from a representative of the Commission, Defendant Khan shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendant Khan's direct or indirect control to inspect the business operation;

B.  In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

(1) obtaining discovery from any person, without further leave of Court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36 and 45;

(2) posing as consumers and suppliers to Defendant Khan, Defendant Khan's employees, or any entity managed or controlled in whole or in part by Defendant Khan, without the necessity of identification or prior notice; and

C.  Defendant Khan shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have Counsel present.

***Provided, however,*** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VI.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.  For a period of three (3) years following the entry of this Order,

1.  Defendant Khan shall notify the Commission of the following:

a. Any changes in his residence, mailing address, and telephone number, within ten (10) days of the date of such change;

b. Any changes in employment status (including self-employment), and any change in Defendant Khan's ownership of any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant Khan is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of Defendant Khan's duties and responsibilities in connection with the business or employment; and

c. Any changes in Defendant Khan's name or use of any aliases or fictitious names; and

2. Defendant Khan shall notify the Commission of any changes in corporate structure of any business entity that Defendant Khan directly or indirectly controls, or has an ownership interest in, that may affect his compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, ***provided that***, with respect to any proposed change in the corporation about which Defendant Khan learns less than thirty (30) days prior to the date such action is to take place, Defendant Khan shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order, Defendant Khan shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

1. The then-current residence address, mailing addresses and telephone numbers of Defendant Khan;

2. If employed, the then-current employment and business addresses and telephone numbers of Defendant Khan, a description of the business activities of each such employer or business, and the title and responsibilities of Defendant Khan, for each such employer or business;

3. Any other changes required to be reported under subparagraph A of this Section; and

4. A copy of each acknowledgment of receipt of this Order, obtained pursuant to Section VIII.

C. For purposes of this Order, Defendant Khan shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission

to: Associate Director for Enforcement
Federal Trade Commission
Bureau of Consumer Protection
600 Pennsylvania Ave., N.W.
Washington, DC 20580
Re: *FTC v. Debt-Set, et al.*, Civil Action No. 07-CV-00558.

D. For purposes of the compliance monitoring and reporting required by this Order, the Commission is authorized to communicate directly with Defendant Khan.

## VII. RECORD KEEPING

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, Defendant Khan, with respect to any entity that is engaged in the promotion or sale of Debt Reduction Programs or Services or that Defendant Khan otherwise owns or controls, as well as his agents, employees, successors, corporations and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid and description of items or services for which such dollar amounts were paid, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly, indirectly or through any third party) and all responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to copies of acknowledgments of receipt of this Order, required by Section VIII, and all reports submitted to the FTC pursuant to Section VI.

## VIII. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Defendant Khan shall deliver copies of this Order as directed below:

A. For any business that is engaged in the promotion or sale of Debt Reduction Programs or Services, that Defendant Khan controls, directly or indirectly, or in which Defendant Khan has a majority ownership interest, Defendant Khan must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Defendant Khan must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. Such delivery shall occur prior to personnel assuming their responsibilities.

B. For any business where Defendant Khan is not a controlling person of a business but otherwise engages in the promotion or sale of Debt Reduction Programs or Services, Defendant Khan must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C. Defendant Khan must secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from all persons receiving a copy of the Order pursuant to this Section (Section VIII).

## IX. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant Khan, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## X. PROHIBITION ON DISTRIBUTION OF CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendant Khan, and his agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any Defendant, at any time prior to entry of this order, in connection with sale of Debt Reduction Programs or Services. *Provided, however,* that Defendant Khan may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of construction, modification and enforcement of this Order.

**SO ORDERED** at Denver, Colorado, on April 11th, 2008.

Richard P. Matsch, Senior Judge
United States District Court

**SO STIPULATED:**   **FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

*/s/ Peter Lamberton*

Peter Lamberton
Sara Gottovi
Leah Frazier
Federal Trade Commission
600 Pennsylvania Avenue, NW, Mail Drop NJ-3158
Washington, DC 20580
Telephone: (202) 326- 3274, 3201, 2187
Facsimile: (202) 326-3768
E-Mail: plamberton@ftc.gov, sgottovi@ftc.gov, lfrazier@ftc.gov.

**FOR DEFENDANT ISAAC KHAN:**

*/s/ Isaac Khan*

Isaac Khan, *pro se*